UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------
MIKLOS MOLDOVAN,

                      Plaintiff,

  -against-

PRESTIGE CONSTRUCTION NY, LLC, 635 ROCKAWAY, LLC and TFK ELECTRIC CORP.,

                      Defendants.
---------------------------------------------

CASE NO.
20-cv-04699-EK-VMS

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

### I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants on July 23, 2020, in the County of Kings, State of New York.

### II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Eastern District of New York in that the events giving rise to this action occurred within the Eastern District of New York.

### III. THE PARTIES

5. At all times herein mentioned, plaintiff MIKLOS MOLDOVAN was and still is a citizen and resident of Hungary.

6. The defendant PRESTIGE CONSTRUCTION NY, LLC., at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of

New York, licensed to do business in New York, with its principal place of business situated in the County of Kings and the State of New York.

7. The defendant 635 ROCKAWAY, LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Kings and the State of New York.

8. At all times herein mentioned, Tovia Kohen is a member of defendant PRESTIGE CONSTRUCTION NY, LLC.

9. At all times herein mentioned, Tovia Kohen was and still is a citizen and resident of New York.

10. At all times herein mentioned, Joel Wertzberger is a member of defendant 635 ROCKAWAY, LLC.

11. At all times herein mentioned, Joel Wertzberger was and still is a citizen and resident of New York.

12. The defendant TFK ELECTRIC CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Kings and the State of New York.

## IV. FACTUAL ALLEGATIONS

13. On July 23, 2020, plaintiff MIKLOS MOLDOVAN was performing certain construction work at the premises located at 589 Rockaway Avenue, Brooklyn, NY [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York

State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

14. On July 23, 2020, plaintiff MIKLOS MOLDOVAN was employed by AS HH ENTERPRISES CORP.

15. At all times mentioned, the subject premises were operated, controlled, maintained, managed and/or supervised by defendant PRESTIGE CONSTRUCTION NY, LLC.

16. At all times mentioned, the subject premises were owned, operated, controlled, maintained, managed and/or supervised by defendant 635 ROCKAWAY, LLC.

17. At all times mentioned, the subject premises were operated, controlled, maintained, managed and/or supervised by defendant TFK ELECTRIC CORP.

18. That at some point prior to July 23, 2020, it was agreed between defendant 635 ROCKAWAY, LLC and defendant PRESTIGE CONSTRUCTION NY, LLC, that among other things, defendant PRESTIGE CONSTRUCTION NY, LLC would be the general contractor and perform construction work, as well as provide labor services, at the subject premises.

19. That on July 23, 2020, defendant PRESTIGE CONSTRUCTION NY, LLC was the general contractor working at the subject premises for defendant 635 ROCKAWAY, LLC.

20. That on July 23, 2020, defendant PRESTIGE CONSTRUCTION NY, LLC was acting as the general contractor working at the subject premises for defendant 635 ROCKAWAY, LLC.

21. The work aforesaid was being performed pursuant to a written agreement.

22. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

23. That at some point prior to July 23, 2020, it was agreed between defendant PRESTIGE CONSTRUCTION NY, LLC and defendant TFK ELECTRIC CORP., that among other things,

defendant TFK ELECTRIC CORP. would perform construction work and provide labor services at the subject premises.

24. That on July 23, 2020, defendant TFK ELECTRIC CORP. was a sub-contractor working at the subject premises for defendant PRESTIGE CONSTRUCTION NY, LLC.

25. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

26. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

27. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

28. That at some point prior to July 23, 2020, it was agreed between defendant TFK ELECTRIC CORP. and AS HH Enterprises Corp., that among other things, AS HH Enterprises Corp. would perform construction work and provide labor services at the subject premises.

29. That on July 23, 2020, AS HH Enterprises Corp. was a subcontractor working at the subject premises for defendant TFK ELECTRIC CORP.

30. The work aforesaid was being performed pursuant to a written agreement.

31. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

32. That thereafter, and on or about July 23, 2020, AS HH Enterprises Corp. was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant PRESTIGE CONSTRUCTION NY, LLC.

33. That thereafter, and on or about July 23, 2020, AS HH Enterprises Corp. was actually engaged in performing construction work and labor services at the subject premises which was owned, operated, controlled, maintained, managed and/or supervised by defendant 635 ROCKAWAY, LLC.

34. That thereafter, and on or about July 23, 2020, AS HH Enterprises Corp. was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant TFK ELECTRIC CORP.

35. That thereafter, and on or about July 23, 2020, defendant PRESTIGE CONSTRUCTION NY, LLC. was actually engaged in performing construction work and labor services at the subject premises which was owned, operated, controlled, maintained, managed and/or supervised by defendant 635 ROCKAWAY, LLC.

36. That thereafter, and on or about July 23, 2020, defendant TFK ELECTRIC CORP. was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant PRESTIGE CONSTRUCTION NY, LLC.

37. That thereafter, and on or about July 23, 2020, defendant TFK ELECTRIC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, operated, controlled, maintained, managed and/or supervised by defendant 635 ROCKAWAY, LLC.

38. That at all times herein mentioned, and on or about July 23, 2020, plaintiff MIKLOS MOLDOVAN was actually engaged in the course of his employment as a construction laborer by AS HH Enterprises Corp., which said contractor was engaged by defendant 635 ROCKAWAY,

LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, operated, controlled, maintained, managed and/or supervised by defendant 635 ROCKAWAY, LLC , which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

39. That at all times herein mentioned, and on or about July 23, 2020, plaintiff MIKLOS MOLDOVAN was actually engaged in the course of his employment as a construction laborer by AS HH Enterprises Corp. which said contractor was engaged by defendant PRESTIGE CONSTRUCTION NY, LLC. and plaintiff was actually performing certain construction work, labor and services at the subject premises operated, controlled, maintained, managed and/or supervised by defendant PRESTIGE CONSTRUCTION NY, LLC., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

40. That at all times herein mentioned, and on or about July 23, 2020, plaintiff MIKLOS MOLDOVAN was actually engaged in the course of his employment as a construction laborer by AS HH Enterprises Corp. which said contractor was engaged by defendant TFK ELECTRIC CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises operated, controlled, maintained, managed and/or supervised by defendant TFK ELECTRIC CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

41. That on or about July 23, 2020, and while plaintiff MIKLOS MOLDOVAN was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer AS HH Enterprises Corp., he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was caused to sustain grievous personal injuries.

42. That at all times herein mentioned, and on or about July 23, 2020, defendant 635 ROCKAWAY, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by AS HH Enterprises Corp., plaintiff's employer.

43. That at all times herein mentioned, and on or about July 23, 2020, defendant 635 ROCKAWAY, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by AS HH Enterprises Corp., plaintiff's employer.

44. That at all times herein mentioned, and on or about July 23, 2020, defendant PRESTIGE CONSTRUCTION NY, LLC., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by AS HH Enterprises Corp., plaintiff's employer.

45. That at all times herein mentioned, and on or about July 23, 2020, defendant PRESTIGE CONSTRUCTION NY, LLC., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by AS HH Enterprises Corp., plaintiff's employer.

46. That at all times herein mentioned, and on or about July 23, 2020, defendant TFK ELECTRIC CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by AS HH Enterprises Corp., plaintiff's employer.

47. That at all times herein mentioned, and on or about July 23, 2020, defendant TFK ELECTRIC CORP., its agents, servants and/or employees breached their duty of general

supervision, direction and control of the work being performed at the subject premises by AS HH Enterprises Corp., plaintiff's employer.

48. Defendant 635 ROCKAWAY, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MIKLOS MOLDOVAN, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

49. Defendant 635 ROCKAWAY, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

50. Defendant 635 ROCKAWAY, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

51. Defendant 635 ROCKAWAY, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

52. Defendant PRESTIGE CONSTRUCTION NY, LLC. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MIKLOS MOLDOVAN, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated

as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

53. Defendant PRESTIGE CONSTRUCTION NY, LLC. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

54. Defendant PRESTIGE CONSTRUCTION NY, LLC. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

55. Defendant PRESTIGE CONSTRUCTION NY, LLC. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

56. Defendant TFK ELECTRIC CORP. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MIKLOS MOLDOVAN, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

57. Defendant TFK ELECTRIC CORP. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable

and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

58. Defendant TFK ELECTRIC CORP. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

59. Defendant TFK ELECTRIC CORP. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

60. By reason of the foregoing, plaintiff MIKLOS MOLDOVAN was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff MIKLOS MOLDOVAN will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. **FIRST CAUSE OF ACTION FOR NEGLIGENCE**

61. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

62. Plaintiff was injured due to defendants' negligence and carelessness as stated herein.

## VI. **SECOND CAUSE OF ACTION FOR VIOLATION OF LABOR LAW §240(1)**

63. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

64. Plaintiff was injured due to the violation of New York Labor Law Section 240(1).

## VII. THIRD CAUSE OF ACTION FOR VIOLATION OF LABOR LAW §241(6)

65. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

66. Plaintiff was injured due to the violation of New York Labor Law Section 241(6).

67. Plaintiff was injured due to the violation of 12 NYCRR Part 23-1.21(b)(4)(ii), also known as Section 23-1.21(b)(4)(ii) of the New York Industrial Code.

## VIII. FOURTH CAUSE OF ACTION FOR VIOLATION OF LABOR LAW §200

68. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

69. Plaintiff was injured due to the violation of New York Labor Law Section 200.

## IX. DEMAND FOR TRIAL

70. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the First, Second, Third and Fourth causes of action in the amount of TEN MILLION ($10,000,000.00) DOLLARS; and for such other relief as this Court deems just and proper.

Dated:  Port Chester, New York
         May 5, 2023

_____
**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                CASE NO. 20-cv-04699-EK-VMS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MIKLOS MOLDOVAN,

        Plaintiff,

 -against-

PRESTIGE CONSTRUCTION NY, LLC, 635 ROCKAWAY, LLC and TFK ELECTRIC CORP.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777