```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 MIKLOS MOLDOVAN,

                        Plaintiff,             MEMORANDUM & ORDER
                                                20-CV-4699(EK)(VMS)
           -against-

 PRESTIGE CONSTRUCTION NYC, LLC, 635
 ROCKAWAY, LLC, AND TFK ELECTRIC
 CORP.,

                        Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff commenced this personal injury action in 2020. Compl., ECF No. 1. In March 2025, the Court granted summary judgment in his favor on liability under New York Labor Law § 240(1). Mem. & Order, ECF No. 87. The Court then set October 6 for jury selection ahead of a damages trial. Minute Entry dated July 28, 2025. On September 5, the parties reported that they had "reached a settlement agreement" and were finalizing documentation and payments therefor. ECF No. 95. The parties "anticipat[ed] no issues with" either. *Id.*

Two weeks later, with the trial still on the calendar, the Court reminded the parties of Local Rule 47.1. Docket Order dated Sept. 23, 2025. That rule requires "[a]ll counsel in civil cases" to "seriously discuss the possibility of settlement a reasonable time prior to trial." And it permits courts to

"assess the parties or counsel with the cost of one day's attendance of the jurors if [the] case is settled after the jury has been summoned."  After several pretrial conferences, this case finally settled on the afternoon of October 3 — the business day before trial.

The Clerk's Office summoned forty-five jurors in this case.  They did not ultimately report, given the late settlement; nevertheless, Local Rule 47.1 applies.  A jury is considered "summoned . . . as of Noon one day prior to the designated date of the trial."  Local R. 47.1; *cf.* Order, *Kreisler v. 63 / 64th Street Assocs., L.P.*, No. 16-CV-2620 (S.D.N.Y. Nov. 3, 2017), ECF No. 72 (assessing juror costs after jurors had been summoned but without determining whether jurors ultimately reported).  The Court will now exercise its discretion to assess costs pursuant to Local Rule 47.1.

Local Rule 47.1 gives effect to the federal courts' "inherent power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991).[1]  This power extends to "impos[ing] juror costs on those responsible for delaying a settlement" until after the jury has

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks

2

assembled or the eve of trial. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986); *accord Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 568-69 (3rd Cir. 1985); *Martinez v. Thrifty Drug & Disc. Co.*, 593 F.2d 992, 993-94 (10th Cir. 1979).

Moreover, the Rule coexists peacefully with a plaintiff's right to a jury trial. In *Rhea v. Massey-Ferguson, Inc.*, the Sixth Circuit upheld a local rule that required certain parties to participate in mediation, and awarded costs if the verdict at trial was more than ten percent below the mediator's evaluation. 67 F.2d 266, 268-69 (6th Cir. 1985). The court explained that "the core of . . . the [Seventh Amendment] right [is] to have a jury *ultimately* determine the issues of fact if they cannot be settled by the parties or determined as a matter of law." *Id.* at 268. Like that fee-shifting arrangement, the application of the Local Rule does not infringe on Moldovan's right to "receive[] . . . the jury's determination of the disputed facts." *Id.* at 269. On the contrary, it restricts only the parties' — and counsels' — right to postpone settlement until the last moment.

The settlement here was straightforward, involving only the payment of a sum certain in exchange for a release. *See* ECF No. 99. It involved one plaintiff and no post-settlement remedies. It need not have been finalized on the eve of trial, especially after significant court involvement. The

3

record also reflects that the release was signed on September 12, weeks before trial. *Id.* at 5. And Judge Scanlon had encouraged the parties to enter mediation multiple times, which the parties elected not to do. *See* Docket Orders dated Aug. 24, 2022 and Dec. 30, 2022. We can therefore say with confidence that the parties acted "in a way that result[ed] in the needless calling of jurors." *Jain v. Ford Motor Credit Co.*, 174 F.R.D. 259, 264-65 (E.D.N.Y. 1997) (assessing juror costs on counsel).

For the foregoing reasons, plaintiff's and defendants' counsel are each directed to pay $1,125 to the Clerk of Court within ten days. The combined figure represents the fifty-dollar daily rate for a juror's service, multiplied by the forty-five jurors summoned in this case. *See Juror Information*, U.S. Dist. Ct. E.D.N.Y.[2]

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 10, 2025
       Brooklyn, New York

---

[2] https://www.nyed.uscourts.gov/juror-information [https://perma.cc/3UFU-23G3].